IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-149-BO

| | |
|---|---|
| DAVID E. WADDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 13, 2015, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Acting Commissioner is reversed and this matter is remanded for an award of benefits.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on January 18, 2011, alleging disability since March 12, 2010. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's degenerative disc disease, diabetes mellitus, and depression were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff could perform a reduced range of light work with exertional and nonexertional limitations. The ALJ found that plaintiff could not return to his past relevant work, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

3

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p.

Plaintiff was fifty years old at his alleged onset date. Light work requires a claimant to be able to lift no more than twenty pounds at a time with frequent lifting or carrying of objects up to ten pounds. 20 C.F.R. § 404.1567(b). Light work also requires either a good deal of walking or standing, or sitting most of the time with some pushing and pulling of controls. *Id.* Plaintiff's treating providers each opined that plaintiff was restricted to lifting no more than fifteen pounds at the most. Tr. 334, 237, 309.[1] One state agency consultative examiner also opined that plaintiff was limited to lifting not more than ten pounds, Tr. 293, while another noted that plaintiff's subjective complaints of back pain would cause him to be limited in lifting as well as prolonged standing and walking. Tr. 304.

The ALJ posed a hypothetical to the vocational expert (VE) that included the exertional requirements of light work, to which the VE responded with three jobs that exist in the national economy that a claimant with such limitation could perform. Tr. 50-51. The ALJ then noted to plaintiff's attorney that that if plaintiff's RFC was found to be sedentary, that is if plaintiff was limited to lifting no more than ten pounds at a time, he would be disabled under the Grids, or

---

[1] The Acting Commissioner correctly contends that the additional evidence submitted by plaintiff to the Appeals Council and is properly before this Court was not considered by the ALJ but is duplicative of other evidence that the ALJ considered. A sentence six remand is therefore unnecessary.

4

Medical-Vocational Guidelines. Tr. 51. The ALJ in his decision went on to reject each of the physician's opinions regarding plaintiff's lifting limitations, stating that they were not consistent with the rest of the evidence in the record.

Substantial evidence does not support the ALJ's conclusion that the restrictions on plaintiff's ability to lift were unsupported by the record. In point of fact, that one examining provider included a lifting restriction of less than fifteen pounds in light of plaintiff's documented lumbar impairment serves as evidence in support of another's imposition of a similar lifting restriction. If the ALJ had accorded the lifting restrictions the proper weight, plaintiff would have been limited to a reduced range of sedentary as opposed to light work. Due to plaintiff's age and other factors at the time of his alleged onset date, this would result, as the ALJ correctly noted at the hearing, in a finding of disability under Grid Rule 201.02. 20 C.F.R. Pt. 404, Subpart P., App. 2 § 202.02.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002,

5

1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and the record before this Court properly supports a finding that the Medical-Vocational Guidelines apply. Because the Grids direct a finding of disability, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 10] is GRANTED and defendant's motion for judgment on the pleadings [DE 13] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this ___ day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE